IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 SEP -9 PM 3: 5*
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

DILLWYN MATHURIN,
          Plaintiff,

-vs-                                            Case No.  A-14-CA-708-SS

WELLS FARGO, N.A. and DONNA WILLIAMS,
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo, N.A.'s Motion to Dismiss [#5], Plaintiff Dillwyn Mathurin's Response [#6], and Wells Fargo's Reply [#7]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING IN PART and DENYING IN PART the motion to dismiss.

### Background

Mathurin alleges his ex-wife, Defendant Donna Williams, surreptitiously forged his signature as a co-signer on two student loans taken out by her son in 2007. Mathurin discovered the loans on August 12, 2012, and contacted Wells Fargo to dispute the validity of his signature. On October 12, 2012, Wells Fargo concluded its internal investigation and informed Mathurin it had determined his signatures to be genuine. Wells Fargo thus refused to release Mathurin from the debts. Mathurin alleges Wells Fargo then began trying to collect on the debt.

Mathurin brought this lawsuit in Texas state court on June 5, 2014. With respect to Wells Fargo, Mathurin alleges violations of the Texas Debt Collection Practices Act (TDCPA) and the

Federal Debt Collection Practices Act (FDCPA). Specifically, Mathurin contends Wells Fargo has misrepresented Mathurin is a co-signer on the debts. Wells Fargo removed the case to this Court, and now moves to dismiss.

## Analysis

### I.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead

"specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

Wells Fargo contends Mathurin's claims against it are time-barred by the applicable statutes of limitations. Alternatively, Wells Fargo contends Mathurin has not pleaded sufficient facts to state any claim under Rule 12(b)(6).

The parties agree the TDCPA has a two-year statute of limitations. *See Williams v. Chase Home Fin., LLC*, No. 3:13-CV-1307-G(BH), 2014 WL 46233, at *4 (N.D. Tex. Jan. 6, 2014); TEX. CIV. PRAC. & REM. CODE § 16.003(a). The FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d). Based on Mathurin's original petition, it appears his claims against Wells Fargo arose around October 2012, when Wells Fargo refused to release him from the debts and thereafter attempted to collect on the debts. Mathurin did not file suit until June 5, 2014. His FDCPA is therefore untimely, and must be dismissed. His TDCPA claim, however, was filed within the limitations period.

The basis for Mathurin's TDCPA claim is somewhat unclear, but he appears to allege violations of two different statutory provisions. The first prohibits a debt collector from harassing a debtor by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." TEX. FIN. CODE

§ 392.302(4). The second prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt," among other things. *Id.* § 392.304(a)(8).[1]

Mathurin's first alleged basis is unsupported by any factual allegations. Mathurin's original petition does not allege Wells Fargo repeatedly called him or harassed him. Instead, Mathurin simply alleges Wells Fargo attempted to collect on the debt. Mathurin's sparse allegations are insufficient to establish a plausible violation of section 392.302(4), and that claim must be dismissed.

Mathurin's second alleged basis fares better. "In order to constitute a misrepresentation, [the debt collector] must have made a false or misleading assertion." *Browning v. PHH Mortg. Corp.*, No. H-12-0886, 2013 WL 3244094, at *5 (S.D. Tex. June 26, 2013). Mathurin alleges Wells Fargo falsely asserted he was a co-signer on the debts and refused to remove him from the debts based on his affidavit of forgery and handwriting sample. Wells Fargo obviously disagrees, and believes the signatures are valid. But taking Mathurin's factual allegations as true, as the Court must for purposes of a motion to dismiss, Mathurin has alleged sufficient facts to state a claim under section 392.304(a)(8).

## Conclusion

Mathurin's FDCPA claim is time-barred and must be dismissed. Mathurin's TDCPA claim under section 392.302(4) fails to state a claim because it is not based on any specific factual allegations, and therefore must also be dismissed. Mathurin's TDCPA claim under section 392.304(a)(8), however, states a plausible claim for relief based on Mathurin's allegation of forgery.

---

[1] Mathurin's original petition actually cites section 392.304(a)(9), which concerns false representations of governmental affiliation. Mathurin's factual allegations confirm his claim is based on misrepresenting his status as a debtor, tracking the language of section 392.304(a)(8).

Accordingly,

IT IS ORDERED that Defendant Wells Fargo, N.A.'s Motion to Dismiss [#5] is GRANTED IN PART and DENIED IN PART, as described in this opinion;

IT IS FINALLY ORDERED that Plaintiff Dillwyn Mathurin's claims under the Federal Debt Collection Practices Act and section 392.302 of the Texas Finance Code are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 9th day of September 2014.

_____
Sam Sparks
UNITED STATES DISTRICT JUDGE